UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANA KAY HENRIQUES,

                            Plaintiff,

    -against-

EXPERIAN INFORMATION SOLUTIONS,

                            Defendants.
------------------------------------------------------------------X

**REPORT & RECOMMENDATION**
**23 CV 6366 (RPK)(LB)**

**BLOOM, United States Magistrate Judge:**

*Pro se* plaintiff Ana Kay Henriques ("plaintiff") filed this Fair Credit Reporting Act case on August 24, 2024 alleging that Experian Information Solutions ("defendant") reported inaccurate information on her consumer credit reports. ECF No. 1. After defendant answered the complaint,[1] the parties reported reaching a settlement in principle. When a stipulation discontinuing the case was not filed, the Court held several conferences.[2] Ultimately, defendant filed the instant motion to compel arbitration.[3] The Honorable Rachel P. Kovner referred defendant's motion to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the following reasons, it is respectfully recommended that defendant's motion to compel arbitration should be denied, and a factfinding should be held to determine whether plaintiff enrolled in a CreditWorks account.

---

[1] Defendant's Twelfth Defense asserts that "Plaintiff's claims may be subject to arbitration pursuant to a valid and binding arbitration agreement." ECF No. 11.

[2] The Court scheduled a conference on November 29, 2023 for the parties to discuss settlement. ECF No. 17. The parties requested an adjournment of that conference "because defendant is reviewing settlement terms." ECF No. 18. The Court granted the adjournment and the parties reported reaching a settlement in principle on November 30, 2023. ECF No. 19. Defendant requested an extension of time to file a stipulation of dismissal, or in the alternative to hold a status conference because of issues that had arisen between the parties regarding settlement. ECF No. 20. The Court granted this request and held a status conference on February 29, 2024. Plaintiff failed to appear and was ordered to show cause. ECF No. 23. In response, plaintiff stated she "never received a notice of a conference…and meant no disrespect…" ECF No. 24. At the subsequent status conference on April 10, 2024, the Court excused plaintiff's nonappearance and plaintiff stated that she did not wish to settle this matter and instead wished to proceed with litigation. ECF No. 25.

[3] The Court set a briefing schedule for defendant's motion to compel arbitration and stayed discovery. Id. Defendant filed its motion and plaintiff's opposition on June 14, 2024. ECF Nos. 26, 27, 28. Defendant also filed a motion for leave to file a reply to plaintiff's motion; its proposed reply is Exhibit 1. ECF Nos. 29, 29-1.

1

## LEGAL STANDARD

The Federal Arbitration Act ("FAA") holds that written contracts "evidencing a transaction involving commerce to settle by arbitration a controversy…shall be valid, irrevocable, and enforceable…" 9 U.S.C. § 2. "[T]he FAA embodies a national policy favoring arbitration…preserv[ing] the parties' ability to agree to arbitrate, rather than litigate, disputes." Nicosia v. Amazon.com, Inc., 834 F.3d 220, 229 (2d Cir. 2016) (internal quotations and alterations omitted). As here, "[t]he question of arbitrability usually arises in the context of a motion to compel arbitration" and if a court finds "that the parties have agreed in writing to arbitrate an issue or issues underlying the district court proceeding," then it will stay proceedings for arbitration to "proceed in the manner provided for in such agreement." Id. citing 9 U.S.C. § 4.

Courts consider two factors to determine if a party seeks to have its dispute arbitrated: "(1) whether the parties agreed to arbitrate, and, if so, (2) whether the scope of that agreement encompasses the claims at issue." Cooper v. Ruane Cunniff & Goldfarb Inc., 990 F.3d 173, 179 (2d Cir. 2021). The standard courts apply is one "similar to that applicable for a motion for summary judgment." Abdullayeva v. Attending Homecare Services, LLC, 928 F.3d 218, 221 (2d Cir. 2019) (internal quotations omitted). Therefore, for purposes of this motion, the Court considers "all relevant, admissible evidence submitted by the parties and contained in pleadings, depositions, answers to interrogatories, and admissions on file, together with ... affidavits," and draws all reasonable inferences in favor of the non-moving party."[4] Nicosia, 834 F.3d at 228.

The party moving to compel arbitration carries the initial burden of establishing that the parties had an agreement to arbitrate. Zachman v. Hudson Valley Fed. Credit Union, 49 F.4th 95, 101-02 (2d Cir. 2022) (collecting cases). The moving party is not required to demonstrate that the agreement is enforceable, "only that an agreement to arbitrate existed." Id. at 102. Once a moving party has carried its burden, the burden shifts to the party opposing the motion to compel to raise

---

[4] The Court has considered defendant's proposed reply for purposes of deciding the instant motion. ECF No. 29.

2

defenses showing that the agreement is "inapplicable or invalid." Id. citing Harrington v. Atl. Sounding Co., 602 F.3d 113, 124 (2d Cir. 2010).

## DISCUSSION

I.   **A Material Issue of Fact Exists as to whether there is an Arbitration Agreement**

"The question of whether the parties have agreed to arbitrate…is an issue for judicial determination unless the parties clearly and unmistakably provide otherwise." Nicosia, 834 F.3d at 229. Whether the agreement to arbitrate exists at all is governed by state contract law. Soliman v. Subway Franchisee Advert. Fund Tr. Ltd., 999 F.3d 828, 834 (2d Cir. 2021). Although neither party explicitly addresses the applicable state law and the Terms of Use is silent as to a choice of law, defendant cites to New York State law. The Court assumes that "New York law applies because New York 'has the most significant contacts with the matter in dispute.'" Oestreicher v. Equifax Information Services, LLC, No. 23-CV-239 (RER) (MMH), 2024 WL 1199902, at *4, (E.D.N.Y. Mar. 20, 2024) quoting Kai Pengv. Uber Techs., Inc., 237 F. Supp. 3d 36, 46-47 (E.D.N.Y. 2017). It is undisputed that plaintiff lives in Queens, ECF No. 1, ¶ 3, and defendant conducts business in New York, ECF No. 11, ¶ 2. Therefore, the Court applies New York law to consider whether the parties agreed to arbitrate. See Oestreicher, 2024 WL 1199902 at *4.

Under New York law, "agreements must be construed in accord with the parties' intent." Abdullayeva, 928 F.3d at 222. Defendant has carried its initial burden to demonstrate that an agreement existed. Defendant relies on the declaration of Dan Smith, Director of Product Operations for ConsumerInfo.com, Inc.[5] ECF No. 27-1. Smith proffers that he "supports" the consumer enrollment process into CreditWorks which requires him to "be familiar with, among other things, how consumers enroll, the forms they must complete to enroll, as well as the Terms of Use governing

---

[5] Defendant's affiliate, ConsumerInfo.com, Inc. does business as Experian Consumer Services. ConsumerInfo.com, Inc. provides a credit monitoring service called CreditWorks. ECF No. 27 at 3.

such services."[6] Id. at ¶ 1. Smith continues that, "[b]ased upon my review of CIC's membership enrollment data created and maintained in the regular course of business, including data specific to Plaintiff's membership, on September 8, 2020, Plaintiff enrolled in CreditWorks." Id. at ¶ 3.

Defendant then demonstrates the existence of a contract by affirming that to enroll in CreditWorks, plaintiff had to agree to a Terms of Use Agreement which contained an arbitration agreement. Id. at 3-4. As defendant acknowledges and the Court notes, numerous courts have upheld agreements like this as binding agreements to arbitrate both under theories that Experian is a party to the contract or that it is a valid third-party beneficiary. See e.g., Alvarez v. Experian Information Solutions, Inc., 661 F. Supp. 3d 18 (E.D.N.Y. 2023). Having carried its initial burden, the burden then shifts to the party opposing the motion to raise defenses showing that the agreement is "inapplicable or invalid." Zachman, 49 F.4th at 102.

Plaintiff, in her sworn affidavit in response to defendant's motion, states that she "never applied for a credit works account." ECF No. 28-1. This raises a triable issue of fact that prevents defendant from compelling arbitration at this stage because "if there is a disputed question of material fact, such that 'the making of the arbitration agreement…[is] in issue,' then 'the court shall proceed summarily to trial thereof." Barrows v. Brinker Rest. Corp., 36 F.4th 45, 49 (2d Cir. 2022) quoting 9 U.S.C. § 4.[7]

In Barrows, the Second Circuit considered whether plaintiff's affidavit denying that she had ever electronically signed an employee form that contained an arbitration provision created a material issue of fact. The Second Circuit reversed the district court's dismissal of the action finding that the

---

[6] Smith explains proof of the existence of an account saying he can "retrieve a consumer's CreditWorks membership information upon receipt of that consumer's personally identifiable information" and "confirm the consumer's membership details, such as the date and time of enrollment, the version of the Terms of Use they agreed to, and the exact path the consumer encountered when completing their enrollment into CreditWorks." ECF No. 27-1 at ¶ 2.

[7] Indeed, as the Barrows Court held, while "courts are instructed to favor arbitration as a form of dispute resolution…on the antecedent question of whether the parties actually agreed to arbitration…we show no such special solicitude." Id. at 50.

court had "completely discounted the evidentiary value of her sworn declaration" and a material issue of fact had been created by plaintiff's "adamant" and "categorical" denial. Id. at 49, 50.

Admittedly, this is a closer case than Barrows. While "plaintiff's testimony alone may be independently sufficient to raise a genuine issue of material fact" and plaintiff's affidavit is both "categorical" and "adamant," it is much less detailed than the full-throated denial credited by the Barrows Court.[8] Id. at 50. The Court in Barrows cautioned "[o]f course, the fact that a party's declaration can defeat a motion to compel does not mean it always will." Id. at 51. In applying the exceptions outlined in Barrows, an esteemed colleague stated:

> [the Barrows Court] identified three situations where granting a motion to compel arbitration would be appropriate: (1) where 'the facts alleged in a nonmovant's declaration are so contradictory that doubt is cast upon their plausibility,' absent other evidence; (2) where the assertions merely 'are based on speculation or are conclusory,' and (3) where an affidavit 'is blatantly contradicted by the record, so that no reasonable jury could believe it." Middleton v. T-Mobile US, Inc., 20-CV-3276 (NGG) (JRC), 2022 WL 16828226, at *5 (E.D.N.Y. Aug. 24, 2022).

This Court finds the facts in plaintiff's affidavit not "so contradictory that doubt is cast upon their plausibility." There is no internal contradiction in plaintiff's affidavit stating that she never enrolled in CreditWorks. Plaintiff's statement is not "based on speculation or conclusory." And finally, the record does not contradict plaintiff's affidavit. Plaintiff's complaint alleges she obtained her credit information at paragraph 21 where she states that "[o]n or around Aug 15, 2023 Plaintiff went to freeannualcreditreport.com and pulled her Experian report…" ECF No. 1. This does not contradict plaintiff's claim that she never enrolled in CreditWorks.

Defendant relies on a thirty-two case string cite for the proposition that this Court should compel arbitration here. ECF No. 27. However, upon review of these thirty-two cases, the Court does not find a single instance where a plaintiff actually disputed signing up for a CreditWorks account.

---

[8] Though less detailed than the affidavit examined in Barrows, it is axiomatic that "document[s] filed *pro se*…[will] be 'liberally construed…'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal citation omitted)); see also Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007) ("We liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." (internal citation omitted)).

Of these cases, four are in the Southern and Eastern Districts of New York: Oestreicher v. Equifax Information Services, LLC, No. 23-CV-239(RER)(MMH), 2024 WL 1199902, at *1 (E.D.N.Y. Mar. 20, 2024) ("Plaintiff [did] not directly contest the validity of the agreement to arbitrate or argue that enforcing it would be unconscionable."); Alvarez v. Experian Information Solutions, Inc., 661 F. Supp. 3d 18 (E.D.N.Y. 2023) (plaintiff did not dispute the existence of the account, merely that the CreditWorks account did not encompass Experian Information Solutions); Levy v. Credit Plus, Inc., No. 21-CV-5541(KMK), 2023 WL 2644352, at *1 (S.D.N.Y. Mar. 27, 2023) (plaintiff challenged that Experian Information Solutions was a third-party beneficiary, not that plaintiff had signed the agreement).

Cimillo v. Experian Information Solutions, Inc., is most similar to the instant case because "[a]lthough plaintiff agrees she 'signed up with Experian online to receive free credit reports,' she allegedly [did] not recall signing up for CreditWorks, using CreditWorks, seeing the Arbitration Agreement, or entering into the Arbitration Agreement." No. 21-CV-9132(VB), 2023 WL 2473404, at *1 (S.D.N.Y. Mar. 13, 2023). However, Cimillo is unavailing to defendant because plaintiff in the instant case unequivocally denies ever having a CreditWorks account. As cases in the Eastern District have established, not remembering is insufficient to defeat a motion to compel arbitration, but an unequivocal denial can be. See Middleton v. T-Mobile US, Inc., No. 20-CV-3276 (NGG) (JRC), at *1 (E.D.N.Y. Aug. 24, 2024).

In its reply, defendant's counsel says, "The personal identifying information listed in EIS's records is Plaintiff's information, and matches the information that Plaintiff herself has provided to EIS's counsel." ECF No. 29-1 at 1. "Additionally, the CreditWorks account associated with Plaintiff is a *paid membership*…" Id. However, defendant's reply provides no additional evidence other than its attorney's argument. Despite emphasizing the paid aspect of this alleged membership, defendant

6

submits no records of payments or other evidence showing the existence of this account.[9] The Court is left with affidavits of two individuals with personal knowledge arguing opposite sides of the same issue of fact.

## CONCLUSION

For these reasons, defendant's motion to compel should be denied. This Court's decision must comply with the Second Circuit's clear mandate that "a court must not weigh the evidence, or assess the credibility of witnesses, or resolve issues of fact." Barrows, 36 F.4th at 54 citing Kulak v. City of New York, 88 F.3d 63, 71 (2d Cir. 1996). If this Report and Recommendation is adopted, the Court should hold a factfinding to determine whether plaintiff ever enrolled in CreditWorks.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated:  October 1, 2024
        Brooklyn, New York

---

[9] Additionally, although defendant's affiant states he can "retrieve a consumer's CreditWorks membership information upon receipt of that consumer's personally identifiably information" and "confirm the consumer's membership details, such as the date and time of enrollment," he provides nothing other than a blank screenshot of a generic account enrollment page. ECF No. 27-2.